Elayna J. Youchah, Bar No. 5837
youchahe@jacksonlewis.com
Kelly R. Kichline, Bar No. 10642
kelly.kichline@jacksonlewis.com
**JACKSON LEWIS LLP**
3800 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169
Tel: (702) 921-2460
Fax: (702) 921-2461

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT C. GIEZIE<br><br>Plaintiff,<br><br>v.<br><br>VALLEY HEALTH SYSTEM, LLC, dba Spring Valley Hospital, a Delaware Corporation and Does I-X inclusive,<br><br>Defendant. | Case No. 2:12-CV-00036-ECR-GWF<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION** |

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Robert Giezie ("Plaintiff") and Defendant Valley Health System, LLC dba Spring Valley Hospital ("Defendant"), (collectively, the "Parties"), hereby submit this proposed Stipulated Protective Order for the purpose of ensuring that confidential information exchanged during discovery or potentially submitted to the Court by the Parties is not disclosed to or used for any purpose outside of the above captioned lawsuit. Accordingly, the Parties hereby stipulate, subject to approval and entry by the Court, to the following:

**I.    Definitions and Terms**

1. "Confidential Information" means any document, information, or material that the producing party or protected person reasonably believes not to be in the public domain and

reasonably believes contains information regarding an employee and/or former employee or patient of Defendant other than Plaintiff to which an individual or company has an established and legitimate right to privacy or confidentiality.

2. "Disclosed" is used in its broadest sense and includes, *inter alia*, directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

3. "Discovery Material(s)" means any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or written information, whether produced voluntarily or involuntarily, in response to discovery requests in this litigation by any party.

4. "Document" is defined as the term is used in Federal Rule of Civil Procedure 34.

5. "Under seal" is defined as sealing confidential documents consistent with the procedure laid out by LR 10-5 of the Local Rules for the District of Nevada.  In the event that the Clerk's office for the Southern Division of the District of Nevada publishes a new procedure for the filing of documents under seal, the Parties may follow said published procedure.

## II. Types of Materials that May be Designated as Confidential

Any Discovery Material or other documents, information, or materials may be designated by a producing party as Confidential under this Order.  The assertion of this designation of "Confidential" shall constitute a representation to the Court that counsel for the producing party or protected person believes in good faith that the material so designated constitutes Confidential Information as defined in this Order.  Except with the prior written consent of the producing party or by court order or as otherwise compelled by force of law, no Discovery Materials or other documents, information, or materials stamped "Confidential" may be disclosed to any person except as permitted in section IV.

### III. Designation of Discovery Materials as Confidential

A producing party may designate as confidential Discovery Materials or other documents, information, or materials containing confidential information by stamping or otherwise marking the designated material as "Confidential," and producing it and listing it on the log in the form attached as Exhibit A. Each Party shall maintain a log for the documents they have produced that have been designated "Confidential," and produce an updated log, containing all designations, when producing documents or information that are designated "Confidential." The fact that a document is stamped "Confidential" by one party shall not be construed as an admission by any other party that such document is confidential, nor shall it limit or preclude the right of any party to object to the "Confidential" designation and to file any appropriate motion(s) to determine the propriety of such designation. If the producing party inadvertently fails to stamp or otherwise appropriately designate or list certain documents, material, or information as "Confidential" upon their production or disclosure, such inadvertent failure to designate shall not constitute nor be deemed a waiver of a subsequent claim of protected treatment under this Order.

### IV. Permissible Use of "Confidential" Information, Documents, or Materials

Notwithstanding Section II, documents stamped "Confidential" may only be disclosed to: (i) the Parties; (ii) all attorneys representing the Parties in this matter; (iii) para-professionals, secretaries, and other non-attorney personnel that are employed by firms or by individual attorneys representing the Parties in this matter, but only to the extent that disclosure to such person(s) is necessary in order for them to assist attorneys in connection with this matter; and (iv) the court and all court personnel, including stenographers employed to record and transcribe testimony given upon sworn statement, deposition, and/or trial. To the extent such Confidential Information may be disclosed to court personnel or filed with the Court it may, upon a showing

sufficient to satisfy the requirements of the Court, be done Under Seal, but need not be filed Under Seal *provided* the name of any employee or former employee of Defendant has been redacted and replaced with the employee's initials only.

Persons obtaining access to Discovery Materials or other documents, information, or materials stamped "Confidential" pursuant to this Order shall use the information only for the purpose of this matter, through and including appeal(s) and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings, unless required by court order or being compelled by force of law.  If any person receiving information covered by this Agreement is: (a) subpoenaed in another action or proceeding; (b) served with a request or demand in another action to which he, she, or it is a party; or (c) served with any other legal process by one not a party to this action, seeking information designated as "Confidential" pursuant to this Order, the subpoenaed party shall promptly give written notice, by hand or facsimile transmission, within forty-eight (48) hours of receipt of such subpoena, request, demand, or legal process to the party that produced or designated the material as "Confidential."  The subpoenaed party or anyone else subject to this Order shall be under no obligation to take any other action or measures to preserve the confidentiality of any such information in connection with such subpoena, request, demand, or legal process.  Nothing herein shall be construed as requiring the subpoenaed party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Information, to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from the court.

**V.   Miscellaneous**

1.   The provisions of this Agreement shall not terminate at the resolution of this matter.

    2.    Within thirty (30) days after the final conclusion of this matter documents stamped "Confidential" and all copies of such documents, other than exhibits of record, shall be destroyed or returned to the party who produced the documents and designated them as "Confidential."

    3.    Nothing in this Agreement shall prevent any party or other person from seeking modification of this Agreement or from objecting to discovery that it believes to be otherwise improper. This Agreement, however, shall not be modified absent an order of the court or the written agreement of all the Parties hereto.

Dated this 19th day of April, 2012

| The Gage Law Firm, PLLC | Jackson Lewis LLP |
|---|---|
| /s/ Ivy Gage | /s/ Elayna J. Youchah |
| Ivy Gage, Bar No. 5958 | Elayna J. Youchah, Bar No. 5837 |
| Summergate Corporate Center | Kelly R. Kichline, Bar No. 10642 |
| 7674 W. Lake Mead Blvd., Ste. 108 | 3800 Howard Hughes Parkway, Suite 600 |
| Las Vegas, Nevada 89128 | Las Vegas, Nevada 89169 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

**ORDER**

IT IS SO ORDERED    April 24,    , 2012.

*George Foley Jr.*
GEORGE FOLEY, JR.
United States Magistrate Judge